JOHN P. SWEEZEY, Appellant, v. ARC ELECTRICAL CONSTRUCTION Co., INC., Respondent.

Argued January 22, 1946; decided April 18, 1946.

*Paul Koch, Morris Zweibel* and *Robert X. Kuzmier* for appellant. I. The second affirmative defense contained in the answer is insufficient in law. (*Clark* v. *Monarch Engineering Co.,* 248 N. Y. 107; *Matter of Passarelli* v. *Columbia E. & C. Co.,* 270 N. Y. 68; *Matter of Curtin* v. *City of New York,* 287 N. Y. 338; *Taylor* v. *New York Central R. R. Co.,* 294 N. Y. 397; *McCue* v. *Shea Co.,* 175 Misc. 557, 260 App. Div. 946; *O'Brien* v. *Lodi,* 246 N. Y. 46; *Hession* v. *Sari Corporation,* 283 N. Y. 262; *Matter of Parchefsky* v. *Kroll Bros., Inc.,* 267 N. Y. 410.) II. The second affirmative defense contained in the answer does not state sufficient facts to constitute a valid defense. (*Clark* v. *Monarch Engineering Co.,* 248 N. Y. 107; *Ramsey* v. *New York Central R. R. Co.,* 269 N. Y. 219; *Bartolomeo* v. *Bennett Contracting Co.,* 245 N. Y. 66; *Wawrzonek* v. *Central Hudson G. & E. Corp.,* 276 N. Y. 412.)

*Patrick E. Gibbons* and *E. C. Sherwood* for respondent. I. The second affirmative defense is sufficient in law. (*Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271; *Matter of Jensen* v. *Southern Pacific Co.,* 215 N. Y. 514; *White* v. *New York Central R. R. Co.,* 243 U. S. 188; *Matter of Anttonen* v. *Laakso Builders, Inc.,* 236 App. Div. 771, 261 N. Y. 545; *Casey* v. *Shane,* 221 App. Div. 660; *DeLee* v. *Pardy Construction Co.,* 222 App. Div. 374; *Barrencotto* v. *Cocker Saw Co.,* 266 N. Y. 139; *Matter of Cassaretakis,* 289 N. Y. 119; *Shanahan* v. *Monarch Engineering Co.,* 219 N. Y. 469; *Cudahy Co.* v. *Parramore,* 263 U. S. 418; *State* v. *Bennett Realty Co.,* 154 Md. 159; *Clark* v. *Leahy,* 300 Mass. 565; *Matter of Doey* v. *Howland Co.,* 224 N. Y. 30; *Matter of Post* v. *Burger and Gohlke,* 216 N. Y. 544.)

CONWAY, J. This is an appeal by permission of the Appellate Division from an order of that court affirming an order of the Special Term denying plaintiff's motion to strike out the

" second, separate and complete defense " contained in defendant's amended answer. The Appellate Division certified the following question: " Is the second affirmative defense sufficient in law? "

It appears from the complaint that defendant was engaged as a general contractor in connection with certain electrical work, including work in tunnels, manholes and service connections, being performed at the new State hospital near Deer Park, New York in December, 1941. The plaintiff, employed as a carpenter by Capasso Construction Co., Inc., a subcontractor of defendant, was injured in the course of his employment through the alleged negligence of the general contractor on December 8, 1941, by the collapse of an excavation in which he was working, the shoring of which was allegedly within the scope of the general contractor's duties. The pleadings put in issue the scope of each contractor's duties, and the negligence of the defendant. The " second, separate and complete defense " contained in defendant's amended answer asserts that under section 56 of the Workmen's Compensation Law the plaintiff is given a statutory remedy against the general contractor which is exclusive of any common-law action for negligence. Section 56, so far as material, read at that time as follows: " § 56. *Subcontractors.* A contractor, the subject of whose contract is, involves or includes a hazardous employment, who subcontracts all or any part of such contract shall be liable for and shall pay compensation to any employee injured whose injury arises out of and in the course of such hazardous employment, unless the subcontractor primarily liable therefor has secured compensation for injuries to all employees employed to perform work under the subcontract as provided in this chapter.

" Any contractor, or his insurance carrier, who shall become liable for the payment of compensation to any employee or the dependents of a deceased employee of his subcontractor, pursuant to provisions of this section, may recover the amount of such compensation paid or for which liability is incurred from the subcontractor primarily liable for such compensation to the injured employee or his dependents. The claim for such recovery shall constitute a lien against any moneys due or to become due to the subcontractor from such general contractor.

Such claim for recovery, however, shall not affect the right of the injured employee, or the dependents of a deceased employee, from recovering compensation due from the general contractor or his insurance carrier.''

Defendant contends that since the general contractor here is obligated to pay compensation to the injured employee of the subcontractor, the latter having failed to secure compensation insurance, the general contractor must be deemed to be an *employer* of the subcontractor's employees; that liability for payment of compensation could not constitutionally be imposed upon one not an employer, in the light of article I, section 18, of the State Constitution; and that the constitutionality of the Workmen's Compensation Law as a whole depends upon the substitution of one *exclusive* remedy against the employer for the old common-law negligence action. It is urged that Workmen's Compensation Law, section 56, must be read *in pari materia* with sections 10 and 11:

'' § 10. *Liability for compensation.* Every employer subject to this chapter shall in accordance with this chapter * * * secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment without regard to fault as a cause of the injury * * *.

'' § 11. *Alternative remedy.* The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee * * *.''

Section 56 was enacted in 1922. It was amended in 1929 (L. 1929, ch. 302), in 1939 (L. 1939, ch. 541), and in 1942 (L. 1942, ch. 617). The first paragraph has remained substantially the same, so far as the issue here is concerned.

It is clear that '' employers '' and '' employees '' affected by the enactment of the Workmen's Compensation Law came within the common-law definition of the employer-employee relationship. Employees of a subcontractor have been held not to be employees of another subcontractor to whom a part of the subcontract was let: '' The word ' employee ' denotes contractual relationship. Consequently it cannot be held that the employees of Baker & Yettman are also employees of Eklund and, therefore, entitled to compensation under a policy covering

only the employees of Eklund. The liability of the contractor to employees of his subcontractor is a secondary one imposed upon him by law. That this does not cause the relationship of employer-employee to spring up has been recognized by this court in *Clark* v: *Monarch Engineering Co.* (248 N. Y. 107) * * * '' (*Matter of* Passarelli v. *Columbia E. & C. Co.,* 270 N. Y. 68, 75 [1936]). Judge LEHMAN in *Clark* v. *Monarch Engineering Co.* (*supra*), in discussing sections 10 and 11 of the Workmen's Compensation Law, said at p. 109: '' There can be no doubt that when these sections were enacted ' an employer subject to this chapter ' included only a general or special ' employer ' as that term is generally understood and defined in our law. A contractual relation with the employee is involved. Here the workman who sustained injury resulting in his death was employed by a subcontractor. It is not claimed that the general contractor either hired or had the right to direct him. Concededly section 10 of the Workmen's Compensation Law imposed no obligation or liability upon a general contractor in favor of the employees of a subcontractor.''

Since the general contractor has always been deemed to be a third party with respect to the subcontractor's employee, it follows that the latter can bring an action for negligence against the general contractor under Workmen's Compensation Law, section 29, subdivision 1. As in an action against any other stranger, the injured employee must show freedom from contributory negligence on his own part, and actionable negligence on the part of the contractor.

It is difficult to find in section 56 any expression of legislative intent to destroy this common-law negligence action. The same argument was advanced in *Clark* v. *Monarch Engineering Co.* (*supra*) but the point was not decided. Since there was no showing there that the subcontractor had not secured compensation, the statutory liability of the general contractor was not shown to exist. The general contractor's liability as a negligent third party, therefore, was held to remain. In *Casey* v. *Shane* (248 N. Y. 625), an order of the Special Term granting plaintiff's motion to strike out the same defense in an action of this kind was affirmed on the authority of the *Clark* case, since it was shown that the subcontractor had secured compensation. In view

of the established concept of a general contractor as a third party so far as his subcontractor's employee is concerned, and in view of the fact that the relevant portion of section 56 has remained virtually unchanged since 1922, although other provisions of the section have been amended, we do not feel that an intent to make the statutory liability imposed by section 56 exclusive can be read into that section.

The defendant argues that plaintiff's interpretation is inconsistent, in that general contractors would be regarded as strangers to their subcontractors' employees in defending the negligence action, and as " constructive employers " of these workmen in a compensation proceeding. The inconsistency arises, however, only because of the defendant's conception of the basis of the liability imposed by section 56. The contractor is conditionally liable, as a guarantor is conditionally liable. He is not bound to *secure* compensation as an employer (Workmen's Compensation Law, §§ 10, 11, 50). He is liable to *pay* compensation if the subcontractor does not secure it. Nor need this liability be based on a fictional relationship between him and the injured workman. It may be said more reasonably, in the light of the spirit of the act, to be based upon the contractor's relationship to the subcontractor. He is in a better position than the workman to select a responsible subcontractor, and to see to it that the subcontractor secures compensation. He need not select a subcontractor who will refuse to obey the law requiring him to obtain workmen's compensation insurance. His contract with the subcontractor may be drawn to cover this requirement. Any recovery of compensation from him by the subcontractor's employee constitutes a lien against moneys due the subcontractor from him. Section 56 is merely a device to secure enforcement of the act with relation to the real employer — the subcontractor.

The constitutionality of the section has been sustained in *Matter of Anttonen* v. *Laakso Builders, Inc.* (261 N. Y. 545), as being within the State's police power over the health and safety of employees. The argument on the question of constitutionality here is that, as a constitutional prerequisite to liability under section 56, the relationship of employer and employee must exist and such liability be deemed exclusive. That is accurate, we think, but not applicable here. The plaintiff

compares the general contractor's liability with the situation of a third party who holds property belonging to a judgment debtor which is attached by a judgment creditor. The attachment is not based upon any relationship between the creditor and the third party, but upon the relationship between the third party and the debtor.

The orders should be reversed and the motion granted, with costs in all courts. The question certified should be answered in the negative.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER and DYE, JJ., concur; MEDALIE, J., deceased.

Orders reversed, etc.