In the Matter of the Claim of SALVATORE DE STEFANO, Respondent, against CONSOLIDATED TILE CO. INC., Respondent, and MERRITT CHAPMAN & SCOTT CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of the Workmen's Compensation Board against the general contractor for injuries sustained by claimant in the employ of a subcontractor, pursuant to section 56 of the Workmen's Compensation Law. Merritt Chapman & Scott Corporation, the general contractor and hereinafter so referred to, was under contract with the United States Government to construct a veterans' hospital at Wilkes-Barre, Pennsylvania. By subcontract, Consolidated Tile Co., Inc., hereinafter referred to as subcontractor, was engaged to install the tile and terrazzo work in the hospital. Both the general contractor and the subcontractor had an office and principal place of business in New York City. Claimant is a resident of New York City. By oral contract, on or about April 18, 1949, the subcontractor hired claimant in New York City as superintendent of its part of the job. His work consisted of laying out plans and specifications, expediting materials, organizing a staff and making up payrolls. His first work was in the New York office of his employer in connection with plans and specifications. He had made one trip to Wilkes-Barre, Pa., prior to his accident. He again returned to work at the New York office of his employer, and on May 3, 1949, while driving a motor vehicle, in itself a hazardous employment, he sustained injuries from which this claim arose. Concededly the subcontractor did not at that time have compensation insurance coverage, and the board has found that under section 56 of the Workmen's Compensation Law the general contractor is liable. Appellants contend (1) that the subject of the contract was at a fixed location outside of the State of New York and that the board has no jurisdiction; and, (2) that the actual construction work by the subcontractor in the hazardous employment of construction work did not start until after claimant's accident. The record permits a finding that claimant was actually employed in a hazardous employment, transitory in nature, to be partially performed in the State of New York and partially in the State of Pennsylvania, at the time of his accident. Concededly the accident arose out of and in the course of such employment. In view of the fact that the subcontractor did not at that time carry compensation insurance covering claimant, its employee, it was within the province of the board to make an award against the general contractor under section 56 of the Workmen's Compensation Law. Award affirmed, with costs to the Workmen's Compensation Board. Bergan, Coon and Imrie, JJ., concur; Halpern, J., dissents in the following memorandum, in which Foster, P. J., concurs: I do not believe that the claimant can properly invoke section 56 of the Workmen's Compensation Law. Section 56 makes the general contractor a guarantor of the obligation of the subcontractor to pay compensation to any of his employees who may be injured while engaged in the contract work (*Sweezey* v. *Arc Elec. Constr. Co.*, 295 N. Y. 306). In this case the contract work consisted

of a construction job at a fixed location in the State of Pennsylvania. The claimant was injured in Pennsylvania while driving to the site of the construction job. In order to establish a claim against his employer under the New York Workmen's Compensation Law, the claimant must assert that his work was of a transitory nature, incidental to his New York employment. But, if he were a transitory employee for the purpose of holding his employer, he cannot claim to be an employee attached to the job in Pennsylvania for the purpose of holding the general contractor on that job as a guarantor of his employer's obligation. The claimant cannot have it both ways. Section 56 applies only to employees of the subcontractor who are engaged in performing the contract work. Since the site of the contract work was in Pennsylvania and all the contract work was to be performed there, section 56 of the New York Workmen's Compensation Law was not applicable in any event. Section 56 has no extraterritorial effect. Furthermore, the claimant's work was of a preliminary character, in preparation for, but not in performance of, the contract work. At the time of the claimant's injury his employer had not yet been authorized to commence work under the contract. To apply section 56 to preliminary work of this character would be to make it applicable to all the members of the staff of the subcontractor, working at its home office, prior to undertaking performance of the contract work. The contract provided that the subcontractor should deliver to the general contractor certificates of insurance certifying that insurance had been effected "before commencing work". This provision complied with the letter and spirit of section 56 (*Sweezey* v. *Arc Elec. Constr. Co., supra*). The general contractor ought not to be held liable for an accident which occurred before it authorized the commencement of contract work by the subcontractor. To construe section 56 to cover employees of the subcontractor engaged in preliminary studies, prior to the commencement of performance of the contract work, would place upon the general contractor the burden of requiring proof by the subcontractor that he had obtained workmen's compensation insurance for the job, immediately upon the execution of the contract. This is not contemplated by section 56. I would reverse the award and dismiss the claim against the general contractor.