Samuel Babin, J.
This action is to recover damages for personal injuries sustained by the plaintiff while working for a subcontractor of the defendant.
The plaintiff, injured on September 22, 1952, made claim for benefits under the Workmen’s Compensation Law against his employer. Upon being apprised that his employer had failed to secure such benefits for his employees, he made a claim for benefits against the defendant as the general contractor pursuant to the provisions of section 56 of the Workmen’s Compensation Law. ' He received benefits totaling $1,221.34 and his medical expenses in the sum of $567.06 were paid. Thereafter on June 24, 1953, he commenced the present action. The defendant alleges in its answer that the plaintiff, having made claim for and having been paid benefits under the Workmen’s Compensation Law, has made an irrevocable election of remedies and is barred from prosecuting this action.
The parties have stipulated that the validity of the defense pleaded be determined solely by the court. The issue is whether the plaintiff may, pursuant to section 29 of the Workmen’s Compensation Law, take compensation and also pursue his remedy against the third-party general contractor who, in this case, is the same person paying the workmen’s compensation benefits.
It is clear that a subcontractor’s employee can bring an action for negligence against the general contractor under the Workmen’s Compensation Law. (Sweezey v. Arc Elec. Constr. Co., 295 N. Y. 306, 311, 312.) Subdivision 1 of section 29 of the Workmen’s Compensation Law provides in part as follows:
‘ ‘ Bemedies of employees; subrogation. 1. If an employee entitled to compensation under this chapter be injured or killed *866 by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, need not elect whether to take compensation and medical benefits under this chapter or to pursue his remedy against such other but may take such compensation and medical benefits and at any time either prior thereto or within six months after the awarding of compensation * * * pursue his remedy against such other subject to the provisions of this chapter.”
Section 56 provides in part as follows:
6 ‘ Subcontractors. A contractor, the subject of whose contract is, involves or includes a hazardous employment, who subcontracts all or any part of such contract shall, in any case of injury or death to any employee arising out of and in the course of such hazardous employment, be liable for and pay compensation to such employee or persons entitled to compensation on the death of such employee, and in any such case of injury or death where the employer of such employee would be required to make payments into the special funds provided by subdivisions eight and nine of section fifteen and subdivision three of section twenty-five-a, the contractor, or, if insured, his insurance carrier shall be liable for and pay into such special funds the amounts required by such subdivisions eight and nine of section fifteen and subdivision three of section twenty-five-a to be paid by such employer; unless the subcontractor primarily liable for such compensation or payments into such special funds has secured compensation therefor as provided in this chapter.
‘c Any contractor, or his insurance carrier, who shall, under the provisions of this section, become liable for such compensation or payments into such special funds may recover the amount of such compensation paid or payments made into such special funds from the subcontractor primarily liable therefor. The claim for such recovery shall constitute a lien against any moneys due or to become due to the subcontractor from such contractor. ’ ’
I am of the opinion that the plaintiff may maintain the action and that the defense alleged is unavailable to the defendant. Under section 29 of the Workmen’s Compensation Law both remedies are available to the plaintiff. The present situation whereby he receives compensation benefits from the same party against whom he pursues his common-law and statutory remedies is not of his making. To assure that plaintiff’s employer provided compensation for his employees was within the power of the defendant. As was stated in Sweezey v. Arc Elec. Constr. Co. (supra, p. 312): “ He is in a better position than the workqiqji to select a responsible subcontractor, and to see to it that *867 the subcontractor secures compensation. He need not select a subcontractor who will refuse to obey the law requiring him to obtain workmen’s compensation insurance. His contract with the subcontractor may be drawn to cover this requirement. Any recovery of compensation from him by the subcontractor’s employee constitutes a lien against moneys due the subcontractor from him. Section 56 is merely a device to secure enforcement of the act with relation to the real employer — the subcontractor.”
To sustain the defendant’s position would be tantamount to denying a right granted by statute. This may not be done.
Proceed accordingly.