OPINION OF THE COURT
Robert C. Williams, J.
Defendant General Electric Company (GE) moves for an order granting it summary judgment on the grounds that Federal regulations preempt New York State Labor Law, that, even if the Labor Law applies, the company is not an owner or general contractor upon which the Labor Law imposes a duty and that New York State Workers’ Compensation Law affords plaintiffs their sole and exclusive remedy.
The New York State Workers’ Compensation Law is not plaintiffs’ exclusive remedy.
The definition of employer in that law does not include the Federal Government (Workers’ Compensation Law, § 2, subd 3), so defendant’s argument that it derives the protection of that law by virtue of its relationship with the Federal Government is without merit.
In spite of defendant’s attempts to establish the contrary, the factual scenario presented is uncomplicated. The Federal Government is the owner of the site and hired General Electric to design and maintain the nuclear facility. General Electric contracted with Electric Boat Division, General Dynamics Corporation, to build the facility. General *737 Electric was the general or prime contractor while Electric Boat was a subcontractor.
Although defendant asserts that the cost of workers’ compensation insurance was borne by the Federal Government and not by Electric Boat, the identity of who pays the insurance is irrelevant to the question of who is the employer within the ambit of the Workers’ Compensation Law (Sweezy v Arc Elec. Constr. Co., 295 NY 306).
The proof indicates that plaintiff was an employee of Electric Boat. There is no proof that General Electric hired plaintiff or had any control over plaintiff in the performance of his job and accordingly, there is no proof that plaintiff was an employee of General Electric (see, e.g., Clark v Monarch Eng. Co., 248 NY 107). The Workers’ Compensation Law does not preclude an injured employee of a subcontractor from maintaining a suit based on common-law theories of negligence against the contractor, and none of the cases cited by defendant hold that it does.
Accordingly, plaintiffs are not barred by the New York State Workers’ Compensation Law.
The United States Department of Energy (DOE), formerly known as the Energy Research and Development Administration, has broad authority to enact rules and regulations regarding safety at sites such as the site involved in this case (US Code, tit 42, §§ 2051, 2052). Defendant contends that these statutes which permit the delegation of control over the work site to subcontractors are irreconcilable with State Labor Law (Labor Law, §§ 240, 241) which imposes a nondelegable duty on the owner and general contractor. Accordingly, defendant argues, the State Labor Law is preempted by the Federal statutes and regulations.
State law is preempted to the extent it actually conflicts with Federal law, that is, when it is impossible to comply with both State and Federal law (Silkwood v Kerr-McGee Corp., 464 US _, 104 S Ct 615).
Defendant GE and DOE entered into a contract which delegates the primary responsibility for safety to GE (see Maltais v United States, 546 F Supp 96, 100). The broad authority for DOE to delegate such responsibility is found *738 in sections 2051 and 2052 of title 42 of the United States Code.
Sections 200, 240 and 241 of the Labor Law impose a nondelegable duty on the owner and general contractor. Since the Federal statutory scheme permits the Federal Government to delegate safety responsibilities and the State statutory scheme forbids such delegation, there is a conflict, but only to the extent that the State Labor Law imposes a duty on the Federal Government.
There is no such conflict, though, when the focus of attention shifts from the Federal Government to GE. Unlike the Federal Government, GE is not vested by Federal statute with the authority to delegate safety responsibility. Accordingly, there simply is no Federal law in direct conflict with State Labor Law. GE has attempted to divest itself of safety responsibilities, not pursuant to a Federal statute which preempts State law, but rather pursuant to its subcontract. This is exactly what State Labor Law says the contractor cannot do.
The State Labor Law which imposes a nondelegable duty to provide a safe workplace is not preempted by Federal law.
Defendant contends that under the holding of Russin v Picciano & Son (54 NY2d 311) it is neither an owner nor contractor upon whom State Labor Law imposes a nondelegable duty.
The Russin case is inapposite. In that case, the court held that a subcontractor not in privity with an injured worker’s employer and who had no control over the injured worker’s work could not be held strictly liable under the Labor Law.
Here, GE was in privity with plaintiff’s employer and actually had at least some control over plaintiff’s work.
The motion for summary judgment is denied.