■ ALEJANDRO TAPIA, Plaintiff, v 126 FIRST AVENUE, L. L. C., Appellant-Respondent, and KINTA CORP., Respondent-Appellant. [724 NYS2d 29] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered April 3, 2000, which, *inter alia*, denied the cross motion of defendant-appellant 126 First Avenue, L. L. C. (126) for summary judgment on its cross claim for common-law indemnification against defendant Kinta Corp., and denied Kinta's cross motion for summary judgment dismissing 126's cross claim for common-law indemnification, unanimously modified, on the law, 126's cross motion for summary judgment upon its claim for common-law indemnification granted, and otherwise affirmed, without costs.

As an owner without direction, control, or other supervisory authority over the work site at which plaintiff was injured, 126's liability pursuant to Labor Law § 240 (1) was purely vicarious. It was therefore entitled to full common-law indemnification from the actively negligent contractor, Kinta (*see, Kelly v Diesel Constr. Div.*, 35 NY2d 1, 6-7). Although Kinta, in opposition to 126's cross motion for summary judgment upon its common-law indemnification claim, claimed the protection of Workers' Compensation Law § 11, it failed to present proof in evidentiary form sufficient to raise a triable issue as to whether it was in fact plaintiff's employer and, by reason of that status, within the protective ambit of the statute. The documentary proof presented by 126, and left uncountered by Kinta, including a Workers' Compensation liability insurance policy, benefits payments, and an employer's application for a certificate of compliance with disability benefits law, established that plaintiff was employed not by Kinta, but by a different entity not a party to this action. Since Kinta, in response to 126's prima facie adequate showing of entitlement to judgment as a matter of law, failed to raise a material issue of fact, the motion court erred in denying 126's cross motion for summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Baksh v Yassky*, 195 AD2d 356).

We have considered defendant Kinta's remaining arguments

and find them unavailing. Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.