■ EDWARD JOYCE, Respondent, v McKENNA ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. B.J. LANG ROOFING, Third-Party Defendant-Respondent. [768 NYS2d 358]—

In an action, inter alia, to recover damages for personal injuries, the defendant third-party plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Murphy, J.), entered September 25, 2002, which denied its motion for leave to amend its answer to include an affirmative defense that the action was barred by the Workers' Compensation Law, and (2) an order of the same court entered February 21, 2003, which granted the motion of the third-party defendant for leave to amend its third-party answer to include an affirmative defense that the third-party action and the cross claims of the defendant Ira Leventhal were barred by the Workers' Compensation Law.

Ordered that the orders are affirmed, with one bill of costs to the plaintiff and the third-party defendant, payable by the defendant third-party plaintiff.

The plaintiff, an employee of the third-party defendant subcontractor B.J. Lang Roofing (hereinafter Lang) was injured on the job when he fell from the roof of the defendant Ira Leventhal's house while engaged in construction work. Lang was retained by a contractor, the defendant third-party plaintiff McKenna Associates, Inc. (hereinafter McKenna). Lang did not provide workers' compensation insurance, and the plaintiff elected to seek the benefits provided under the Workers' Compensation Law. Pursuant to Workers' Compensation Law § 56, McKenna, as the contractor of an uninsured subcontractor, paid for the plaintiff's workers' compensation benefits.

As a result of his injuries, the plaintiff commenced this action against McKenna and Leventhal. McKenna then commenced a third-party action against Lang. Subsequently, Leventhal asserted cross claims against Lang. McKenna moved for leave to amend its answer to assert an affirmative defense that the plaintiff's action was barred by the Workers' Compensation Law. That motion was denied. Lang then moved for leave to amend its third-party answer to assert an affirmative defense that the third-party action and Leventhal's cross claims were barred by the Workers' Compensation Law since the plaintiff did not sustain a "grave injury" pursuant to Workers' Compen-

sation Law § 11. The Supreme Court granted that motion. McKenna appeals from both orders, and we affirm.

While CPLR 3025 provides that leave to amend a pleading shall be freely granted, leave to amend should not be granted "upon the mere request of a party without a proper basis" (*Morgan v Prospect Park Assoc. Holdings,* 251 AD2d 306 [1998]; *see Citarelli v American Ins. Co.,* 282 AD2d 494 [2001]; *see also Nissenbaum v Ferazzoli,* 171 AD2d 654 [1991]). Rather, it is incumbent upon the movant to make "some evidentiary showing that the claim can be supported" (*Morgan v Prospect Park Assoc. Holdings, supra* at 306, citing *Cushman & Wakefield v John David, Inc.,* 25 AD2d 133, 135 [1966]; *see Monteiro v Werner Co.,* 301 AD2d 636, 637 [2003]).

Contrary to McKenna's contention, the fact that it paid for the plaintiff's workers' compensation benefits pursuant to Workers' Compensation Law § 56 did not give rise to a new employment relationship between the plaintiff and itself (*see Sweezey v Arc Elec. Constr. Co.,* 295 NY 306 [1946]; *Tapia v 126 First Ave.,* 282 AD2d 220 [2001]; *Yarter v General Elec. Co.,* 123 Misc 2d 736 [1984]; Minkowitz, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 29, 2003 Pocket Part, at 123-124). In the absence of any other evidence to indicate that the plaintiff was a special employee of McKenna, the Supreme Court properly denied McKenna's motion for leave to amend its answer.

Moreover, the Supreme Court properly granted Lang's motion for leave to amend the third-party answer. Since the plaintiff elected to seek the benefits of the Workers' Compensation Law, Lang was properly permitted to amend its third-party answer to assert an affirmative defense that McKenna's third-party complaint and Leventhal's cross claims are barred by the Workers' Compensation Law (*see* Workers' Compensation Law § 11; *see generally Singh v Shafi,* 252 AD2d 494, 495 [1998]). The fact that McKenna paid for the plaintiff's workers' compensation benefits pursuant to Workers' Compensation Law § 56 does not preclude Lang from asserting such an affirmative defense (*see Sweezey v Arc Elec. Constr. Co., supra;* Minkowitz, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 29, 2003 Pocket Part, at 123).

Ritter, J.P., Florio, Friedmann and H. Miller, JJ., concur.