Barreto v Board of Mgrs. of 545 W. 110th St. Condominium (2025 NY Slip Op 00185)

Barreto v Board of Mgrs. of 545 W. 110th St. Condominium

2025 NY Slip Op 00185

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 160421/17 Appeal No. 3494 Case No. 2024-01147 

[*1]Eduardo Barreto, Plaintiff-Appellant-Respondent,
v
The Board of Managers of 545 West 110th Street Condominium et al., Defendants-Respondents-Appellants, Chelsea Window Cleaning Services Inc. et al., Defendants-Respondents.

Oresky & Associates, PLLC, Bronx (Michael Cassell of counsel), for appellant-respondent.
Pillinger Miller Tarallo, LLP, Elmsford (Lauren R. Turkel of counsel), for respondents-appellants.
Gallo Vitucci Klar LLP, New York (Edward Tobin of counsel), for respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about February 14, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim, denied the motion of defendants the Board of Managers of 545 West 110th Street Condominium, 545 West 110th Street Condominium (together, the condo), and Residential Management Group, LLC, doing business as Douglas Elliman Property Management (Elliman; collectively, the condo defendants), for summary judgment dismissing the Labor Law § 240 (1) claim as against them, and granted the motion of Chelsea Cleaning Services, Inc., d/b/a Chelsea Window Cleaning, i/s/h/a Chelsea Window Cleaning Services, Inc. and Chelsea Window Cleaning, Inc. (collectively, Chelsea), for summary judgment dismissing the Labor Law § 240(1) claim and all cross-claims as against it, unanimously modified, on the law, to deny Chelsea's motion, remand the matter for determination of the issues raised but not determined on Chelsea's motion, and otherwise affirmed, without costs.
This action stems from injuries plaintiff sustained while washing windows at an 11-story building. The condo owned the building, which Elliman managed. Elliman contracted with Chelsea to wash the building's windows; Chelsea, in turn, subcontracted the work to nonparty Mark Prince LLC or its principal, Mark Prince. Plaintiff was employed by Prince at the time of his accident.
Supreme Court correctly denied summary judgment to any party in connection with plaintiff's Labor Law § 240(1) claim. Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim by showing that his accident arose from a gravity-related risk against which defendants failed to adequately protect him (see e.g. Loaiza v Museum of Arts & Design, 228 AD3d 511, 512 [1st Dept 2024]). However, the opinions of the condo defendants' and Chelsea's experts, as well as the testimony of plaintiff's coworker, raised an issue of fact as to whether plaintiff's failure to use a rope guard and alleged failure to properly position his rope grab above his head was the sole proximate cause of his accident (see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020]). On the other hand, plaintiff and his coworker's testimony that they assessed beforehand whether a rope guard was necessary and determined that it was not, and plaintiff's testimony that he properly positioned the rope grab above his head prior to the accident, would support the conclusion that plaintiff was, at most, only comparatively negligent, which is not a defense to a Labor Law § 240 (1) claim (see e.g. Loaiza, 228 AD3d at 512; Morales v 2400 Ryer Ave. Realty, LLC, 190 AD3d 647, 648 [1st Dept 2021]). The condo defendants' failure to eliminate these same issues of fact in connection with their own motion required its denial without consideration of plaintiff's papers [*2]in opposition.
Supreme Court improperly dismissed Chelsea from this action on the ground that it is not the condo defendants' statutory agent for purposes of Labor Law § 240(1) liability. Chelsea was the only contractor that the condo defendants retained to perform their window-washing project, and Chelsea cannot escape liability under Labor Law § 240(1) because it delegated the work by subcontracting it to Prince, plaintiff's employer (see White v 31-01 Steinway, LLC, 165 AD3d 449, 452-453 [1st Dept 2018]). Chelsea's authority to supervise and control the work is also demonstrated by its subcontracting the work to Prince, and whether Chelsea actually supervised plaintiff's work is irrelevant (see Tuccillo v Bovis Lend Lease, Inc., 101 AD3d 625, 628 [1st Dept 2012]; Naughton v City of New York, 94 AD3d 1, 9-10 [1st Dept 2012]). This result is not affected by the Workers' Compensation Board's decision, pursuant to Workers' Compensation Law § 56, requiring Chelsea to pay plaintiff worker's compensation benefits because Prince did not carry the requisite workers' compensation insurance (see Sweezey v Arc Elec. Constr. Co., 295 NY 306 [1946]; Joyce v McKenna Assoc., 2 AD3d 592, 594 [2d Dept 2003]).
In view of the foregoing, we remand the matter to Supreme Court for consideration of the remaining issues raised but not determined on Chelsea's motion in the first instance (see e.g. Commissioner of the State Ins. Fund v Weissman, 90 AD3d 417, 417 [1st Dept 2011]).
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025