Martha Zelman, J.
This action was submitted to the court by all attorneys pursuant to an agreed statement of facts for disposition by the court.
The defendant, Richard Glickman (hereinafter referred to as Glickman) while engaged in his employment, was struck by a "hit and run” motor vehicle on April 5, 1973, the owner and operator of which could not be found, as a result of which Glickman sustained serious personal injuries. Defendant Glickman received benefits under the Workmen’s Compensation Law totaling a sum of $2,952 for compensation and medical benefits paid by Hartford Accident Indemnity Company (hereinafter referred to as Hartford) the plaintiff herein.
Thereafter, Glickman made a claim under the uninsured motorist’s provision of his automobile insurance policy to his carrier, Home Insurance Company (hereinafter referred to as Home).
As a result of an arbitration award, defendant Glickman was granted $9,500 under the uninsured motorist’s provision.
The plaintiff in this action, Hartford, in view of the lien of the workmen’s compensation insurance carrier is suing to collect the $2,952 expended.
The defendant Home is holding the amount of the lien, the sum of $2,952, as a stakeholder pending the determination by the court as to the validity of this lien.
*35 This is an action therefore by the plaintiff to enforce its lien against the defendant Glickman who received the benefits and against Home, the stakeholder and Abraham A. Salm, attorney for Glickman.
It was agreed between the attorneys for both parties that: (1) the policy did not provide for any diminution of payment to the policyholder Glickman by any other benefits he may have been entitled to, such as workmen’s compensation, as in claims against the Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as MVAIC) endorsements under the uninsured motorist’s provision of the insurance policy existing prior to the occurrence resulting in the injuries to Glickman, since the benefits provided in said policy were purely contractual, and that (2) the defendant Home is merely a stakeholder. The real controversy is between the plaintiff and the defendant Glickman.
At the time of the occurrence the defendant Glickman was the owner of an automobile insured by the stakeholder Home and within the policy of insurance was a provision that for the payment of an additional premium, assured Glickman had contractual benefits up to the maximum sum of $10,000, in the event that he was injured by a "hit and run vehicle.” He was an "insured person” as distinguished from a "qualiñed person” as defined by the Insurance Law of the State of New York which defines a "qualiñedperson”to be one who has no automobile insurance coverage or is not a member of a family having such insurance coverage. Such a person can only make a claim against the MVAIC under the Insurance Law, and any statement made as against the MVAIC is subject to reduction by the amount such claimant may. have received in workmen’s compensation pursuant to the provisions of the Insurance Law.
In the case at bar, no such provision is contained in the policy of insurance which is a contract between the defendant Glickman and his insurance company the defendant Home.
The plaintiff claims that the defendant Glickman is entitled to no greater benefit as an insured person paying a premium pursuant to his insurance contract for additional benefits than a "qualified” person having no insurance coverage and getting benefits pursuant to the Insurance Law without any cost whatsoever.
It is important to note that pursuant to chapter 322 of the Laws of 1965, the MVAIC endorsement required in policies of *36 insurance was discontinued and has not been in effect since that time, approximately eight years before Glickman’s accident.
This court notes that the cases cited by the plaintiff all involve occurrences prior to July of 1965 where the endorsements were a part of the insurance policy with regard to any claims made against the MVAIC. (See Matter of Durant [MVAIC], 15 NY2d 408; Matter of Napolitano [MVAIC] 21 NY2d 281; Commissioners of State Ins. Fund v Motor Vehicle Acc. Ind. Corp., 21 NY2d 918.)
This court is of the opinion that the decision in Commissioners of State Ins. Fund v Miller (4 AD2d 481, 482) should be followed wherein the court held that it "does not appear, however, that the law gives the compensation carrier a lien on all recoveries an injured employee obtains from others, regardless of the source. Subdivision 1 of section 29 of the Workmen’s Compensation Law provides that where an employee has been injured by the negligence or wrong of another, he may 'pursue his remedies against such other’, with the compensation carrier being accorded a lien 'on the proceeds of any recovery from such other’.”
"Here, however, the injured employee did not pursue his remedy against the tort-feasor, nor did he obtain any recovery from the tort-feasor. Instead, he received payment from his own insurer. [Emphasis supplied.] The fund argues that this made no difference, that it has a lien on all tort recoveries, and that defendant’s insurer has agreed to stand in the shoes of the tort-feasor. Defendant’s insurer cannot, however, be deemed the alter ego of the tort-feasor”. (Miller, supra, p 482.)
This court is of the opinion that plaintiff’s liability to defendant is contractual. The compensation carrier has a right to expect an insured employee to pursue any remedies he may have against the third party.
In the case at bar the employee Glickman chose to spend his own money to have a contract of insurance to cover him with additional protection and he made "payments” for this "extra benefit”. Therefore, the workmen’s compensation carrier has no right to cash in on what Glickman chose to cover himself for an additional premium. The liability of the insurer is purely contractual and there is no provision in the insurance contract for any reduction in benefits to the assured by any sums he may have received pursuant to the Workmen’s Compensation. Law.
*37 Judgment for defendant Glickman in sum of $2,952. The defendant Home Insurance Company is ordered to release said sum to defendant Glickman and the claim of Hartford Accident and Indemnity Company is dismissed.