Edwin MILLER, as personal representative of the estate of Douglas B. Miller, Appellant,

v.

NORTHSIDE DANZI CONSTRUCTION CO. and Sweet & Sour Construction Co., Appellees.

No. 4856.

Supreme Court of Alaska.

June 26, 1981.

James A. Parrish, Parrish Law Office, Fairbanks, for appellant.

Michael C. Geraghty, Merdes, Schaible, Staley & DeLisio, Inc., Fairbanks, for appellee.

Before RABINOWITZ, C.J., and CONNOR, BURKE and MATTHEWS, J.J. and DIMOND, Senior Justice.*

OPINION

BURKE, Justice.

This appeal raises a question of first impression in the State of Alaska: whether a general contractor, who, by operation of the contractor-under clause contained in AS 23.30.045(a), has been required to pay workers' compensation benefits to the employee of an uninsured subcontractor, is an em-

* Dimond, Senior Justice, sitting by assignment made pursuant to Article IV, section 16 of the Alaska Constitution.

ployer for purposes of immunity from common law liability. For the reasons set forth below; we hold that he is not.

On June 23, 1977, Douglas B. Miller was electrocuted while performing his duties for his employer, Sweet & Sour Construction Company. Sweet & Sour, who was acting as a subcontractor for Northside Danzi Construction Company (hereinafter "Danzi") had failed to secure workers' compensation coverage. As a result, when Edwin Miller, the personal representative of the decedent, sought compensation benefits Danzi was required to provide coverage, under a provision of the Workers' Compensation Act. Danzi's liability resulted from application of the so-called "contractor-under" clause set forth in AS 23.30.045(a):

> An employer is liable for and shall secure the payment to his employees of the compensation payable under §§ 50, 95, 145, and 180–215 of this chapter. *If the employer is a subcontractor, the contractor is liable for and shall secure the payment of the compensation to employees of the subcontractor unless the subcontractor secures payment.*

(Emphasis added.)

Edwin Miller also instituted a negligence action against Danzi.[1] In response, Danzi moved for summary judgment, claiming that as a result of its liability for compensation benefits, it was entitled to immunity under the exclusive liability provision found in AS 23.30.055.[2] The superior Court agreed with Danzi's contention and granted

its motion for summary judgment. This appeal followed.

Under the majority rule, the superior court's grant of summary judgment would be correct. Most jurisdictions grant a contractor immunity where it has in fact secured compensation for the employee of an uninsured subcontractor. 2A A. Larson, Workmen's Compensation § 72.31. The language and history of Alaska's Workers' Compensation Act, however, persuades us to hold otherwise in the case at bar.

The Alaska Compiled Laws, effective until Alaska's changeover to statehood, did not contain a contractor-under provision. There was an exclusive remedy provision, ACL 43–3–10, which provided:

> The right to compensation for an injury and the remedy therefor granted by this Act shall be in lieu of all rights and remedies as to such injury now existing either at common law or otherwise, and no rights or remedies, except those provided for by this Act, shall accrue to employees entitled to compensation under this Act while it is in effect. . . .

ACL 43–3–30 provided the claimant with an action for damages against third parties. The then definition of "employer," which provided immunity from such suit, included the insurer. ACL 43–3–38.

The 1959 Session Laws repealed the then-existing Workmen's Compensation Act. Ch. 193, § 42, SLA 1959. A comprehensive workers' compensation scheme, which was substantially different from that prevailing

---

1. AS 23.30.015(a) provides:
   > If on account of disability or death for which compensation is payable under this chapter the person entitled to the compensation believes that a third person other than the *employer or a fellow employee* is liable for damages, he need not elect whether to receive compensation or to recover damages from the third person.

2. AS 23.30.055 states in full:
   > *Exclusiveness of liability.* The liability of an employer prescribed in § 45 of this chapter is exclusive and in place of all other liability of the employer and any fellow employee to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover dam-

ages from the employer or fellow employee at law or in admiralty on account of the injury or death. However, if an employer fails to secure payment of compensation as required by this chapter, an injured employee or his legal representative in case death results from the injury may elect to claim compensation under this chapter, or to maintain an action against the employer at law or in admiralty for damages on account of the injury or death. In that action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee.

prior to statehood, was passed. "Employer" was redefined and the insurer was excluded under the new definition. Ch. 193, § 2(8), SLA 1959.

The first state legislature created the "contractor-under" provision. Ch. 193, § 3, SLA 1959; AS 23.30.045(a), and substituted the pre-statehood "exclusive remedy" provision with an "exclusive liability" provision. Most important, the new act specifically named only the employer as having exclusive liability. Ch. 193, § 4, SLA 1959; AS 23.30.055. It was later amended to include "fellow employees" within its protection. Ch. 42, § 1, SLA 1962. Immunity was not extended to general contractors who by virtue of the contractor-under clause become responsible for compensation benefits. We think the legislature's failure to include this additional class in the amendment indicates that it did not intend to extend immunity beyond the "employer" and "fellow employees."

■ We will not attribute to the legislature an intent to further curtail an injured worker's common law remedies unless such intent is manifest. *See Thomas v. Farnsworth Chambers Co.*, 286 F.2d 270, 273 (10th Cir. 1960); *Sweezey v. Arc Electrical Construction Co.*, 295 N.Y. 306, 67 N.E.2d 369, 371 (N.Y.1946). In light of the history of the Alaska Workers' Compensa-

tion Act, we see no manifest intent to include general contractors such as Danzi within the scope of the exclusive liability provision of AS 23.30.055.[3]

■ There is no reason to believe that our holding will unduly burden the general contractor; he is in a better position than the worker to select a responsible subcontractor and see to it that the subcontractor secures compensation. Furthermore, the general contractor has the right of indemnification against the uninsured subcontractor. *See Laffoon v. Bell & Zoller Coal Co.*, 65 Ill.2d 437, 3 Ill.Dec. 715, 359 N.E.2d 125, 130 (Ill.1976). If the general contractor is found liable for damages at common law, he may also set-off from that award the amount of compensation benefits he has previously paid to the subcontractor's employee. AS 23.30.015(g).

The superior court's grant of summary judgment is REVERSED and the case REMANDED for further proceedings in accordance with this opinion.

---

**3.** Danzi suggests that this court is bound by its language in *Searfus v. Northern Gas Co.*, 472 P.2d 966 (Alaska 1970). There we stated: "Alaska's present compensation act treats some persons as 'employees' who are not servants and excludes some servants from the category of employee. For example, an uninsured subcontractor's employees are con-

sidered employees of the contractor, though they are not servants of the contractor." 472 P.2d at 968 (footnote omitted). This statement was dictum and purely incidental to our decision. The statement was made in the most general way to support our departure from the "master-servant" test of control. We therefore will not apply it literally in the instant case.