200 N.J. Super. 101 (1985)
490 A.2d 366
MIDLAND INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
ANTHONY P. COLATRELLA AND TRAVELERS INSURANCE COMPANY, DEFENDANTS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 12, 1985.
Decided March 28, 1985.
*102 Before Judges MICHELS and BAIME.
Giannone, Curreri & Caruso, attorneys for appellant Anthony P. Colatrella (Ernest N. Giannone and Barbara B. Comeford, on the brief).
Eak & Duchak, attorneys for respondent (Joseph T. Duchak, on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
Defendant Anthony P. Colatrella appeals from an order entered by the Superior Court, Law Division granting plaintiff's motion for summary judgment. The trial judge concluded that a workers' compensation carrier was entitled to reimbursement for benefits paid to an employee out of the proceeds of his uninsured motorist policy. We agree and affirm.
*103 The salient facts are not in dispute. Defendant Colatrella sustained personal injuries as the result of an automobile accident with an unidentified hit and run driver. The accident occurred during the course of defendant's employment. Plaintiff, the employer's workers' compensation carrier, paid defendant $9,270.52 in benefits for medical expenses. In addition, defendant collected $27,500 under the uninsured motorist coverage of a personal automobile policy which he had purchased from Travelers Insurance Company. Plaintiff instituted this action seeking reimbursement of the compensation benefits paid to defendant. In their answers, both defendant and Travelers admitted payment of the $27,500, but asserted that plaintiff was not entitled to reimbursement of the compensation benefits from the proceeds of the uninsured motorist policy. Additionally, Travelers filed a cross-claim for indemnification against Colatrella. The matter was submitted to the trial judge on cross-motions for summary judgment. In a letter opinion, the court granted plaintiff's motion. Travelers' motion for indemnification was also granted. This appeal followed.
In Montedoro v. Asbury Park, 174 N.J. Super. 305 (App.Div. 1980), we held that the workers' compensation lien provided by N.J.S.A. 34:15-40 attaches to the proceeds of an uninsured motorist policy. Defendant contends that Montedoro, supra, was incorrectly decided. Specifically, he argues that the compensation carrier's right to reimbursement pertains solely to recovery of damages from third-party tortfeasors. In contrast, the insured's legal entitlement to the proceeds of his uninsured motorist policy is predicated upon contractual principles. Defendant thus contends that he should be permitted to retain both the compensation benefits and the proceeds of the policy.
We reject defendant's argument and adhere to our holding in Montedoro, supra. We recognize that the issue has engendered a great deal of controversy throughout the country and that many jurisdictions have resolved the question in a contrary fashion. Compare Boehler v. Ins. Co. of North *104 America, 290 F. Supp. 867, 871 (E.D.Ark. 1968); Jones v. Morrison, 284 F. Supp. 1016, 1022 (W.D.Ark. 1968); Ullman v. Wolverine Ins. Co., 48 Ill.2d 1, 269 N.E.2d 295, 299 (Sup.Ct. 1970); Hackman v. American Mut. Liability Ins. Co., 110 N.H. 87, 261 A.2d 433, 438 (Sup.Ct. 1970) with Knight v. Ins. Co. of North America, 647 F.2d 127, 128 (10 Cir.1981); Bogart v. Twin City Fire Ins. Co., 473 F.2d 619 (5 Cir.1973); State Farm Mut. Auto. Ins. Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619, 621 (Sup.Ct. 1971); State Farm Mut. Automobile Ins. Co. v. Karasek, 22 Ariz. App. 87, 523 P.2d 1324, 1326 (Ct.App. 1974); Travelers Ins. Co. v. Nat'l Farmers Union Prop. & Cas. Co., 252 Ark. 624, 480 S.W.2d 585 (Sup.Ct. 1972); State Comp. Ins. Fund v. Gulf Ins. Co., 628 P.2d 182, 184 (Colo.Ct.App. 1981); State Farm Mut. Automobile Ins. Co. v. Univ. Sys. of Georgia Bd. of Regents, 226 Ga. 310, 174 S.E.2d 920, 921-922 (Sup.Ct. 1970); Gentry v. Pugh, 362 So.2d 1154, 1156-1157 (La. Ct. App. 1978); Janzen v. Land O'Lakes, Inc., 278 N.W.2d 67 (Minn.Sup. Ct. 1979); Hartford Accident & Indemn. Co. v. Glickman, 84 Misc.2d 33, 374 N.Y.S.2d 566, 568-569 (Civ.Ct. 1975); Southeast Furniture Co. v. Barrett, 24 Utah 2d 24, 465 P.2d 346, 347-348 (Sup.Ct. 1970). Nevertheless, we remain convinced that the right to reimbursement and the carrier's lien established by N.J.S.A. 34:15-40 are fully applicable to the proceeds of the employee's uninsured motorist policy.
As originally enacted in 1911, the Workers' Compensation Act made no provision for the reimbursement of the employer or his carrier out of the proceeds of any recovery from the third party responsible for the employee's injury or death. See United States Cas. Co. v. Hercules Powder Co., 4 N.J. 157, 163 (1950); Henry Steers, Inc. v. Turner, etc., Co., 104 N.J.L. 189, 193 (E. & A. 1927). N.J.S.A. 34:15-40 was enacted to eradicate the inequity of multiple recoveries. See Danesi v. American Mfrs. Mut. Ins. Co., 189 N.J. Super. 160, 162-163 (App.Div. 1983), certif. den. 94 N.J. 544 (1983). The pertinent provisions of that statute provide:

*105 Where a third person is liable to the employee or his dependents for an injury or death, the existence of a right of compensation from the employer or insurance carrier under this statute shall not operate as a bar to the action of the employee or his dependents, nor be regarded as establishing a measure of damage therein. In the event that the employee or his dependents shall recover and be paid from the said third person or his insurance carrier, any sum in release or in judgment on account of his or its liability to the injured employee or his dependents, the liability of the employer under this statute thereupon shall be only such as is hereinafter in this section provided.
(a) The obligation of the employer or his insurance carrier under this statute to make compensation payments shall continue until the payment, if any, by such third person or his insurance carrier is made.
(b) If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.
(c) If the sum recovered by the employee or his dependents as aforesaid is less than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be liable for the difference, plus the employee's expenses of suit and attorney's fee as hereinafter defined, and shall be entitled to be reimbursed, as hereinafter provided for so much of the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents as exceeds the amount of such difference plus such employee's expenses of suit and attorney's fee.
(d) If at any time prior to the payment by the third person or his insurance carrier to the injured employee or his dependents, the employer or his insurance carrier shall serve notice, as hereinafter provided, upon such third person or his insurance carrier that compensation has been applied for by the injured employee or his dependents it shall thereupon become the duty of such third person or his insurance carrier, before making payment to the injured employee or his dependents, to inquire from such employer or his insurance carrier the amount of medical expenses incurred and compensation theretofore paid to the injured employee or to his dependents. Where such notice shall have been served, it shall further become the duty of such third person or his insurance carrier, before making any payment as aforesaid, to inquire from such injured employee or his dependents the amount of the expenses of suit and attorney's fee, or either of them in the action or settlement of the claim against such third person or his insurance carrier. Thereafter, out of that part of any amount about to be paid in release or in judgment by such third person or his insurance carrier on account of his or its liability to the injured employee or his dependents, the employer or his insurance carrier shall be entitled to receive from such third person or his insurance carrier so much thereof as may be due the employer or insurance carrier pursuant to subparagraph (b) or (c) of this section. Such sum shall be deducted by such third person or his insurance carrier from the sum to *106 be paid in release or in judgment to the injured employee or his dependents and shall be paid by such third person or his insurance carrier to the employer or his insurance carrier. Service of notice, hereinbefore required to be made by the employer or his insurance carrier upon such third person or his insurance carrier, shall be by registered mail, return receipt and in cases other than an individual shall be mailed to the registered office of such other third person of his insurance carrier.
Thus, presently, an employee injured in a work related automobile accident may not retain both compensation benefits and the fruits of his common law action against the insured third-party tortfeasor.
In our view, these statutory provisions apply here. As noted in Montedoro v. Asbury Park, supra, 174 N.J. Super. at 308 we are "unable to conceive of any reason why the Legislature would have intended an employee-accident victim of an uninsured driver to fare better" than the victim of an insured tortfeasor. Cf. Garcia v. Snedeker, Dir. of Motor Vehicles, 199 N.J. Super. 254 (App.Div. 1985). As we perceive it, N.J.S.A. 17:28-1.1, which requires uninsured motorist coverage, was designed "to relieve the financial burden on the Unsatisfied Claim and Judgment Fund" and to protect motorists from financially irresponsible drivers. Lundy v. Aetna Cas. & Sur. Co., 92 N.J. 550, 555 (1983). We discern no legislative intent to permit double recovery where the accident occurs in the course of the insured's employment merely because of the fortuitous event that the driver of the other vehicle is uninsured.
So too, we are entirely unpersuaded by defendant's argument that N.J.S.A. 34:15-40 is inapplicable because recovery of the proceeds of the uninsured motorist policy is premised on contractual rather than tort principles. Defendant points to the fact that the proceeds of the policy were obtained through arbitration. We note that Montedoro v. Asbury Park, supra, involved the identical facts. Id. 174 N.J. Super. at 306. There, we observed
A recovery under [an uninsured motorist] policy is regarded `as damages' by statute, N.J.S.A. 17:28-1.1, and its essence is as compensation for the uninsured driver's common law liability.... The insured's legal entitlement to damages for the uninsured driver's negligence imparts into the [uninsured motorist] *107 policy all of the normal rules governing tort liability and damages.... It is this element which distinguishes [uninsured motorist] coverage from other kinds of first-party coverage, such as health and accident or life coverage. Indeed, [uninsured motorist] coverage in the form mandated so closely tracks the essentials of traditional liability coverage as to be, for present purposes, indistinguishable from it. [Id. at 308-309; citations and footnote omitted].
We continue to hold the view that the theoretical distinction between tort and contract is highly artificial within the context of the precise issue presented here and, in any event, does not compel departure from our decision in Montedoro, supra.
Nor are we persuaded by defendant's argument that a different result should follow by virtue of the fact that here the employee rather than the employer purchased the uninsured motorist policy. In several cases where the employee purchased the policy, other jurisdictions have suggested his payment of the premium for that protection as justification for his keeping both recoveries. Safeco Ins. Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736 (Sup.Ct. 1970). See also 2A Larson, Workmen's Compensation Law, § 71.23(a) (1983). In Montedoro v. Asbury Park, supra, 174 N.J. Super. at 309 we had no occasion to consider the legitimacy of that justification because the employer purchased the uninsured motorist policy. Nevertheless, we noted in passing "that the identity of the person or entity purchasing the coverage should [not] control." Ibid.
We continue to adhere to that view. To be sure, we are not unmindful of the fact that defendant paid a premium to guard against the fortuity that he might sustain damages by virtue of the conduct of an uninsured driver. See Walkowitz v. Royal Globe Ins. Co., 149 N.J. Super. 442, 447 (App.Div. 1977), certif. dism. 75 N.J. 584 (1977). To that extent, it can be argued that defendant merely received the benefit of his bargain with Travelers.[1] Nevertheless, we note that uninsured motorist *108 coverage is mandated by statute.[2] The point to be stressed is that the purpose of that statute and the insurance coverage required under it is to relieve the insured from the financial burden caused by financially irresponsible drivers. Although the insured is statutorily compelled to pay a premium to achieve that result, he cannot fairly complain as long as he is ultimately recompensed for the financial consequences caused by the accident. We thus perceive no unfairness in requiring defendant to reimburse the compensation carrier for the benefits received from the proceeds of the policy.
Lastly, we note that our conclusion comports with the strong public policy against double recovery for the same injury or expense. See, e.g., Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277, 292 (1974); Danesi v. American Mfrs. Ins. Co., supra 189 N.J. Super. at 165-166; Silas v. Allstate, 129 N.J. Super. 99, 103 (App.Div. 1974). We emphasize that we are not concerned here with the legitimate "stacking" or "pyramiding" of coverages to insure that the injured party is fully compensated for the financial consequences of an accident. See, e.g., Lundy v. Aetna Cas. & Sur. Co., supra 92 N.J. at 555. See also Beek v. Ohio Cas. Co., 73 N.J. 185, 186 (1977); State Farm Mut. Automobile Ins. Co. v. Kiser, 168 N.J. Super. 230, 237 (App.Div. 1979), certif. den. 81 N.J. 348 (1979); General Accident Group v. Shimp, 147 N.J. Super. 404, 412-414 (Law Div. 1977). We acknowledge that it is entirely equitable to permit recovery under more than one source toward the end that the claimant is fully indemnified. In contrast, this case presents the problem of duplication of recoveries for the same *109 expenses.[3] In our view, the provisions of N.J.S.A. 34:15-40 were specifically designed by the Legislature to preclude that result.
In sum, we have carefully considered defendant's arguments. We conclude that these contentions are devoid of merit. Accordingly, the order of the Law Division granting plaintiff's motion for summary judgment is affirmed.
NOTES
[1] We note that the same argument can be made where the employer pays the premiums for the uninsured motorist policy. The identity of the person or entity acquiring coverage is, thus, irrelevant.
[2] In Walkowitz v. Royal Globe Ins. Co., supra, we held that a provision of an uninsured motorist endorsement purporting to reduce the amount payable for bodily injury by the sum of any worker's compensation benefits awarded was against public policy and, thus, was unenforceable. The policy issued by Travelers in this case contained a similar provision. In that regard, our decision in Walkowitz v. Royal Globe Ins. Co., supra, is fully controlling.
[3] We recognize that the policy limits with respect to uninsured motorist coverage may not be sufficient in all cases to fully indemnify the claimant. It has, thus, been proposed that the amount of compensation benefits should be deducted not from the proceeds of the uninsured motorist coverage, but from the employee's actual loss or total damages. 2A Larson, Workmen's Compensation Law, supra, § 71.23(h). Although this approach was adopted in Michigan, see Michigan Mut. Liability Co. v. Mesner, 2 Mich. App. 350, 139 N.W.2d 913 (Ct. of App. 1966), it has been uniformly rejected elsewhere. See, e.g., Edmundson v. Comm. Union Ins. Co. of New York, 249 Ark. 350, 459 S.W.2d 112 (Ark.Sup. Ct. 1970); Janett v. Allstate Ins. Co., 209 Cal. App.2d 804, 26 Cal. Rptr. 231 (Ct. of App. 1962); Brunmeier v. Farmers Ins. Exchange, 296 Minn. 328, 208 N.W.2d 860 (1973). See also Walkowitz v. Royal Globe Ins. Co., supra 149 N.J. Super. at 446. In any event, we note that recovery against a third-party tortfeasor may also fall short of the claimant's actual loss. N.J.S.A. 34:15-40, nonetheless, applies in that situation.