220 N.J. Super. 295 (1987)
531 A.2d 1361
JORGE LAUREANO, PLAINTIFF-APPELLANT,
v.
NEW JERSEY TRANSIT BUS OPERATIONS, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1987.
Decided October 9, 1987.
*296 Before Judges J.H. COLEMAN and HAVEY.
Richard H. Wildstein argued the cause for appellant (Goldstein, Ballen, O'Rourke & Wildstein, attorneys; James E. Humphreys on the brief).
John M. Capasso, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General of New Jersey, attorney; Michael R. Clancy, Deputy Attorney General, of counsel; John M. Capasso on the brief).
The opinion of the court was delivered by J.H. COLEMAN, P.J.A.D.
The question raised in this appeal is whether an employer is entitled to be reimbursed for its workers' compensation lien when the employee collects less than the full amount of common-law damages from a third-party tortfeasor. The judge below answered in the affirmative and granted summary judgment. We now affirm.
The salient facts are undisputed. On May 15, 1979 plaintiff was employed by defendant as a bus driver. While operating one of defendant's buses, plaintiff stopped to discharge passengers and was suddenly struck by a motor vehicle operated by Queen Broadway. Plaintiff filed a workers' compensation claim and was awarded $36,020.29 in benefits.
*297 Plaintiff instituted suit against the third-party tortfeasor, Queen Broadway, for damages based on her alleged negligence. While the case was pending, the parties entered a consent judgment on July 7, 1982 for $250,000 in favor of plaintiff and a Warrant to Satisfy Judgment was to be filed upon payment of $15,000 by Broadway's insurance carrier. That sum represented Broadway's insurance policy limit. After the passage of some time, defendant demanded payment of a share of its lien by plaintiff from the $15,000. In response to the demand for payment, plaintiff instituted the present action for declaratory judgment seeking to have the lien declared unenforceable or in the alternative, to pay only six percent of the lien. On November 17, 1986 summary judgment was granted in favor of defendant upholding the validity of its lien.
In this appeal plaintiff contends that he should not have to reimburse defendant more than six percent of the lien, if indeed any reimbursement is required, because the third-party tortfeasor was underinsured and plaintiff was unable to obtain full payment of the judgment. Because Broadway was underinsured, plaintiff urges us to treat an underinsured motorist (Broadway) the same as an uninsured motorist where the payment by or on behalf of the third-party tortfeasor is less than the full amount of the employee's damages recovered in a tort action. After making the analogy, plaintiff urges us to decide the question the Supreme Court left unanswered in Midland Ins. Co. v. Colatrella, 102 N.J. 612, 619 (1986) where the Court stated "we do not reach the more difficult question whether the workers' compensation lien should attach when the uninsured motorist coverage is less than the full amount of plaintiff's damages."
The reimbursement lien in the present case was filed pursuant to N.J.S.A. 34:15-40. That statute in pertinent part provides:
Where a third person is liable to the employee . .. for an injury ... the existence of a right of compensation from the employer or insurance carrier under this statute shall not operate as a bar to the action of the employee ... *298 nor be regarded as establishing a measure of damage therein. In the event that the employee ... shall recover and be paid from the said third person or his insurance carrier, any sum in release or in judgment on account of his or its liability to the injured employee ... the liability of the employer under this statute thereupon shall be only such as is hereinafter in this section provided.
* * * * * * * *
(b) If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.
(c) If the sum recovered by the employee or his dependents as aforesaid is less than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be liable for the difference, plus the employee's expenses of suit and attorney's fee as hereinafter defined, and shall be entitled to be reimbursed, as hereinafter provided for so much of the medical expenses incurred and compensation payments theretofore paid to the injured employee ... as exceeds the amount of such difference plus such employee's expenses of suit and attorney's fee.
[Emphasis supplied]
Thus, the right to reimbursement is established in the first paragraph and subsections (b) and (c). The amount of the reimbursement is determined by reference to subsections (b) (c), (d) and (e). See Danesi v. American Mfrs. Mut. Ins. Co., 189 N.J. Super. 160, 165 (App.Div.), certif. den. 94 N.J. 544 (1983). Because plaintiff was paid $15,000 by Broadway's carrier, which is less than the $36,020.29 lien, subsection (c) controls the right to reimbursement in this case.
Plaintiff's arguments in this case are unpersuasive. Midland restated the principles of law that are controlling in this case. The court said: "The purpose of the statute [N.J.S.A. 34:15-40] is to reconcile recovery in a workers' compensation proceeding and in a common-law  tort action. Typically, the statute applies when the employee recovers from a third-party tortfeasor." Id. 102 N.J. at 616 (citations omitted). Here, it is plain that plaintiff recovered $15,000 from a third-party tortfeasor and reimbursement is therefore required by N.J.S.A. 34:15-40(c). Schweizer v. Elox Div. of Colt Industries, 70 N.J. *299 280, 287-88 (1976). See also Midland Ins. Co. v. Colatrella, 200 N.J. Super. 101 (App.Div. 1985), aff'd, 102 N.J. 612 (1986) and Montedoro v. Asbury Park, 174 N.J. Super. 305 (App.Div. 1980) which dealt with the use of uninsured motorist coverage provided by the employee and the employer respectively to satisfy reimbursement liens pursuant to N.J.S.A. 34:15-40(b). The reimbursement lien attaches to any payment made to the employee by the third-party tortfeasor or his or her carrier.
Unlike the employee in Midland, the present plaintiff-employee has not used an uninsured or underinsured motorist coverage to pay the $15,000 on account of the judgment obtained in his common-law-tort action. Indeed, no one's uninsured or underinsured motorist coverage was used in this case. Therefore, even if we were to agree that an employee's underinsured and uninsured motorist coverage should be treated the same for N.J.S.A. 34:15-40(c) purposes, the unresolved question posited in Midland has no application to the facts of this case.
Plaintiff further argues that if the lien attached to the $15,000 payment, the amount of the reimbursement should be limited to the percentage of the judgment plaintiff collected. Here, the $15,000 represents six percent of the $250,000 judgment. Plaintiff contends that he should therefore be required to reimburse only six percent of the lien. We must also reject this argument. The Legislature did not intend for reimbursement to be in direct ratio to the amount of common-law damages recovered or collected from the third-party tortfeasor. On the contrary, the Legislature provided that if the employee is paid "any sum" by the third-party tortfeasor or his or her carrier, the reimbursement lien attaches to that sum and the employer is to be reimbursed under N.J.S.A. 34:15-40(c) cases to the full extent of the payment less N.J.S.A. 34:15-40(e) deductions of up to one-third for attorneys fees and up to $200 in litigation expenses.
We therefore affirm the summary judgment in favor of defendant.