**I.T.O. CORPORATION
OF BALTIMORE,
Petitioner,**

v.

**William SELLMAN; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

**No. 90–1531.**

United States Court of Appeals,
Fourth Circuit.

June 17, 1992.*

---

* This opinion supplements the Court's opinion of January 22, 1992.

Stan Musial Haynes, Rudolph Lee Rose, Semmes, Bowen & Semmes, Baltimore, Md., argued, for petitioner.

Joshua T. Gillelan, II, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., argued, for respondent Director; Paul David Bekman, Israelson, Salsbury, Clements & Bekman, Baltimore, Md., argued, for respondent Sellman (Robert P. Davis, Sol. of Labor, Carol A. De Deo, Associate Sol., Janet R. Dunlop, Dept. of Labor, Washington, D.C., on brief, for respondent Director; Laurence A. Mardner, Israelson, Salsbury, Clements & Bekman, Baltimore, Md., on brief, for respondent Sellman), for respondents.

Before RUSSELL, Circuit Judge, CHAPMAN, Senior Circuit Judge, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

DONALD RUSSELL, Circuit Judge:

The Director, Office of Workers' Compensation Programs, ("Director") has filed a petition for rehearing and suggestion for rehearing *en banc,* seeking reconsideration of our recent opinion in this appeal. The relevant facts are fully discussed in our primary opinion, 954 F.2d 239. Briefly, the case involved a claim for benefits filed under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1988), for serious injuries sustained by William Sellman. I.T.O. did not dispute its liability to Mr. Sellman for compensation and medical benefit payments as a result of his injuries. For approximately five years, I.T.O. voluntarily made such payments.

One of the critical issues before us on the initial appeal was whether I.T.O. properly ceased benefit payments because Sellman and his family failed to obtain I.T.O.'s written approval of their settlement agree-ment with a third party. We found that I.T.O. was not entitled to terminate payments, and thus addressed whether I.T.O. was entitled to an offset, pursuant to 33 U.S.C. § 933(f). Claimant and the Director argued that I.T.O. could not recover its offset because at least some portion of the Sellman settlement proceeds must have been intended for William's wife and children, since they were parties to the agreement. In rejecting this argument, we noted that the settlement contract was silent regarding apportionment. We relied on the Board's decision in *Force v. Kaiser Aluminum & Chemical Corp.,* 23 B.R.B. 1 (1989), which held that unless the settlement contract specifically apportions liability between the claimant and his family members, the employer is entitled to a total offset.

The Director's petition for rehearing points out that the Board's decision in *Force* was recently reversed by the Ninth Circuit in *Force v. Director, Office of Workers' Compensation Programs,* 938 F.2d 981 (9th Cir.1991). In that case, the Ninth Circuit implicitly rejected the Board's view that where the settlement contract is silent regarding apportionment, it would be too speculative to attempt to make a factual determination regarding the intentions of the parties. The court acknowledged the difficult proof problems associated with this issue, but found that there were objective factors, such as how the settlement sum was actually distributed among family members and the going rate for settlements or judgments for identical injuries, which the ALJ could examine in order to reach a conclusion without engaging in pure speculation. *Force,* 938 F.2d at 985–86.

Upon reconsideration, we adopt the view of the Ninth Circuit and find that employers are not automatically entitled to a full offset whenever the settlement agreement at issue fails to address the subject of apportionment. Rather, the ALJ should, under such circumstances, determine the portion intended for the claimant and the portion intended for family members. Employer's offset rights are limited

to the portion intended for the claimant, since the claimant is the "person entitled to compensation." *See* 33 U.S.C. § 933(f).

 We also agree with the Ninth Circuit view that employers should bear the burden of proof on the apportionment issue. While the Longshore Act does not address this issue, we note that employer's liability continues under the Act unless claimant receives compensation from a third party. *Force*, 938 F.2d at 985. Thus, the employer is most similarly situated to a plaintiff in this circumstance. We therefore conclude that it is both logical and consistent with the Act to impose the burden of proof upon the employer.

We note that the record already contains some evidence, both documentary and testamentary in character, relevant to the apportionment issue. Nonetheless, because I.T.O. did not have the benefit of our holding that it should bear the burden of proof on the apportionment issue at the hearing before the ALJ, the ALJ may wish to reopen the record and admit further evidence relating to this issue. *See Force*, 938 F.2d at 986.

Finally, we note that our earlier opinion contains some discussion regarding the inferences which could fairly be drawn from some of the evidence of record. We reject the Director's contention that we intruded upon the province of the ALJ in concluding that he committed errors in weighing such evidence. Contrary to the Director's arguments, our findings did not require us to make any credibility determinations or to reweigh the evidence of record. Rather, within the scope of our review, we determined that some of the ALJ's conclusions were not supported by substantial evidence.

Accordingly, we vacate that portion of our earlier opinion which found I.T.O. entitled to offset its liability against the proceeds of the Sellman settlement agreement, and remand for further proceedings consistent with this opinion. In all other respects, we adhere to our original opinion. The Director's suggestion for rehearing *en banc* is denied.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.