■ In the Matter of the Claim of CHARLOTTE H. SHUTTER, Appellant, v PHILIPS DISPLAY COMPONENTS COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [652 NYS2d 427] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed February 20, 1996, which ruled that the employer's workers' compensation insurance carrier was entitled to an offset against claimant's net recovery under an uninsured motorist policy.

On July 17, 1989, claimant was injured in a single-car accident which occurred during the course of her employment. After a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that she was permanently and partially disabled and awarded her workers' compensation benefits. Because the owner of the vehicle in which she was riding as a passenger at the time of accident did not have insurance, claimant pursued an uninsured motorist claim under her own policy. Claimant obtained a net recovery of $124,697.95. Her workers' compensation case was subsequently reopened to consider whether her employer's workers' compensation carrier was entitled to use claimant's net recovery as an offset against

future compensation benefits. Although a WCLJ initially determined that the carrier was not entitled to an offset, the Board modified this decision and ruled that the carrier was entitled to an offset. Claimant appeals.

Workers' Compensation Law § 29 (1) provides that an employee injured by the "negligence or wrong of another" may "pursue his remedy against such other" and that the entity paying compensation benefits "shall have a lien on the proceeds of any recovery from such other". Workers' Compensation Law § 29 (4) further provides that "[i]f such injured employee * * * proceed[s] against such other", the entity paying compensation "shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided * * * by this chapter". Claimant argues that the carrier is not entitled to an offset under Workers' Compensation Law § 29 (4) because the proceeds she received under her uninsured motorist policy were not obtained as the result of an action commenced against a third-party tortfeasor as contemplated by the statute.

We find this argument to be unpersuasive. The lien and offset provisions of Workers' Compensation Law § 29 refer generally to remedies pursued against an "other" as the result of negligence or wrongdoing. They are not by their terms specifically limited to actions against third-party tortfeasors. Because they utilize general terminology, these provisions may logically be construed as encompassing proceeds obtained under an uninsured motorist policy. If the Legislature intended to exclude such proceeds from the lien and offset provisions of Workers' Compensation Law § 29, it would have explicitly so provided. Indeed, the Legislature specifically exempted payments made for basic economic loss under the no-fault insurance law from the lien provisions of Workers' Compensation Law § 29 (1) by the enactment of Workers' Compensation Law § 29 (1-a) (see, Matter of Johnson v Buffalo & Erie County Private Indus. Council, 84 NY2d 13, 18). No similar provision was enacted with respect to uninsured motorist benefits under Insurance Law § 3420 (f). Therefore, we conclude that the Board properly found the carrier entitled to offset the proceeds of claimant's uninsured motorist claim against future compensation benefits.

Claimant's reliance upon Commissioners of State Ins. Fund v Miller (4 AD2d 481) and Hartford Acc. & Indem. Co. v Glickman (84 Misc 2d 33) does not compel a contrary conclusion. While the courts in those cases held that a carrier's lien did not attach to uninsured motorist benefits paid to claimants,

uninsured motorist coverage was not mandatory at the time those cases were decided. Hence, the rationale for those decisions is no longer applicable.

We decline to address the carrier's contention that claimant is barred from future compensation inasmuch as the carrier has not appealed the Board's decision. We have considered claimant's remaining arguments and find them to be without merit.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.